DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York  10580
(914) 921-1200
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NIPPONKOA INSURANCE COMPANY, LTD.,       :

                *Plaintiff,*       :

    - against -       :

J.C. DUGGAN, INC.,       :

               *Defendant.*       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**08 Civ.**

**COMPLAINT**

08 CIV. 4790

JUDGE PAULEY

      Plaintiff, Nipponkoa Insurance Company, Ltd. (hereinafter "Nipponkoa" or "Plaintiff"), by its attorneys, Maloof Browne & Eagan LLC, for its Complaint, alleges on information and belief as follows:

      1.     All and singular the following premises are true and constitute claims arising under the diversity jurisdiction of the federal courts within the meaning of 28 U.S.C. §1332(a)(2).

      2.     The amount in controversy exceeds $75,000, exclusive of interest and costs.

      3.     At all material times, Plaintiff Nipponkoa, was, and now is, a foreign corporation incorporated in Japan with its principal place of business in Japan, and was the insurer the shipment which is the subject matter of this action.

      4.     Defendant J.C. Duggan, Inc. is a corporation or other business entity incorporated in and organized and existing under and by virtue of the laws of the State of New York with its

principal office and place of business located in Brooklyn, New York.

5.    Upon information and belief, venue is proper because Defendant resides in this District within the meaning of 28 U.S.C. § 1391(a)(1) and (c).

6.    Upon information and belief at all material times, J.C. Duggan, Inc. was engaged and agreed to provide certain services for compensation in a professional, safe and proper and workmanlike manner at Albany Memorial Hospital, located at 600 Northern Boulevard in Albany, New York (hereinafter "Albany Hospital"). Such services included, *inter alia*, the rigging, unloading, delivery, unpacking and installation at Albany Hospital of the Magnet (hereinafter "the Goods"), which is the subject of this action and is described more fully below.

7.    On or about June 4, 2007, a Siemens MRI magnet with accessories (hereinafter the "Magnet") was to be delivered and installed at Albany Hospital by Defendant.

8.    At all relevant times, Defendant knew or should have known that its services at Albany Hospital were intended to protect the Magnet, which is the subject of this action and is described more fully below.

9.    Through the actions of Defendant, improper and/or inadequate rigging was employed to unload, transport and install the Magnet at the installation site at Albany Hospital and, as a result, the Magnet suffered an impact resulting in damage.

10.    Defendant, by its conduct described above, breached its legal obligations owed to Plaintiff resulting in a sudden, dangerous and calamitous event that was the direct and proximate cause of the damage to the Magnet.

11.    Defendant, at all material times, knew and/or should have known, without limitation, the following material facts:

a.    That the Magnet was a cumbersome, yet highly fragile, sensitive piece of equipment;

b.    That the Magnet was of substantial value;

c.    That delivery and/or installation of the Magnet at Albany Hospital warranted and/or required extraordinary expertise to avoid and prevent damage; and

d.    That absent inspection and constant supervision by professional riggers there was a high likelihood that damage to the Magnet would occur.

12.    Defendant failed to exercise reasonable care to protect the Magnet, contrary to its undertaking, which caused damage to the Magnet and loss to Plaintiff.

13.    Defendant's actions included, without limitation:

a.    failure to provide proper equipment for the rigging of the Magnet in conformity with accepted practices and standards;

b.    failure to adequately select, train, instruct or supervise its employees with respect to the rigging of the Magnet;

c.    failure to inspect the attached rigging to ensure safety before the Magnet was moved;

d.    failure to ensure its employees were qualified to act in their jobs;

e.    failure to adequately safeguard the Magnet against damage; and

f.    failure to restrict the ability of persons, other than those duly-authorized to do so, to install the rigging on the Magnet.

14.    Defendant knew and/or should have known that Plaintiff would and did rely and depend entirely on Defendant to provide proper services to protect the Magnet and ensure the professional, safe and proper delivery and installation of the Magnet.

15.    Despite Defendant's knowledge, it failed to exercise due care in rendering proper services, and acted recklessly and with gross negligence in rendering services, including, without

limitation, as hereinabove alleged, and such negligence, gross negligence, recklessness, willfulness and/or wantonness proximately caused the damage to the Magnet.

16.    Plaintiff insured the Magnet against damage. By reason of the damage described above, Plaintiff was obliged to pay $239,000, for which Defendant is liable.

17.    Plaintiff has performed all conditions on its parts to be performed and is duly authorized and entitled at law to maintain this action.

### COUNT I

### TORT: NEGLIGENCE, GROSS NEGLIGENCE, RECKLESSNESS AND/OR WILFULLNESS

18.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 18 above, and all of the allegations below.

19.    By reason of the facts alleged herein, Defendant negligently, with gross negligence, recklessly and/or willfully mishandled the Magnet or otherwise failed to provide appropriate services to prevent damage to it.

20.    As a result of Defendant's actions, the Magnet was damaged and Plaintiff suffered damages estimated to be or exceed $239,000.

21.    Defendant is accordingly liable to Plaintiff in an amount estimated to be or exceed $239,000.00 plus costs and interest as permitted by law.

WHEREOF, Plaintiff prays that judgment may be entered in favor of Plaintiff against Defendant in the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action; and that this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       May 22, 2008

MALOOF BROWNE & EAGAN LLC

By: _____

   David T. Maloof (DM 3350)
   Thomas M. Eagan (TE 1713)
411 Theodore Fremd Avenue - Suite 190
Rye, New York  10580
Tel: (914) 921-1200
Fax: (914) 921-1023
*Attorneys for Plaintiff NipponKoa Insurance
Company, Ltd.*

F:\WP-DOCS\1415.33\050908 COMPLAINT.DOC