Jean M. Gardner (JG5544)
Marc I. Kunkin (MK4182)
SCHINDEL, FARMAN & LIPSIUS LLP
14 Penn Plaza, Suite 500
New York, NY 10122
(212) 563-1710
Attorneys for Defendant, J.C. Duggan, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
NIPPONKOA INSURANCE COMPANY, LTD.,    :    Civil Action No.:
                                      :    08 CV 4790(Pauley)
            Plaintiff,                :
                                      :
     -against-                        :
                                      :    **ANSWER**
J.C.DUGGAN, INC.,                     :
                                      :
            Defendant.                :
------------------------------------x

Defendant, J.C. Duggan, Inc., (hereinafter "J.C." or "defendant"), by its attorneys, Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP, as and for its Answer to the Complaint, states, on information and belief as follows:

1.   Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 1 of the complaint.

2.   Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 2 of the complaint.

3.   Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 3 of the complaint.

4.   Admits each and every allegation contained in paragraph 4 of the complaint.

5. Defendant defers all questions of law to the court. To the extent a further response is required, denies each and every allegation contained in paragraph 5 of the complaint.

6. Admits, J.C. Duggan, Inc., was engaged and agreed to provide certain services for compensation at Albany Memorial Hospital, located at 600 Northern Boulevard in Albany, New York and such services included, the rigging, unloading and unpacking of a magnet but, except as so specifically admitted herein, denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 6 of the complaint and defers all questions of law to the court.

7. Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 7 of the complaint.

8 Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 8 of the complaint.

9. Denies each and every allegation contained in paragraph 9 of the complaint.

10. Denies each and every allegation contained in paragraph 10 of the complaint.

11. Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 11 of the complaint.

12. Defendant defers all questions of law to the court. To the extent a further response is required, denies each and every allegation contained in paragraph 12 of the complaint.

13. Denies each and every allegation contained in paragraph 13 of the complaint.

14. Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 14 of the complaint.

15. Defendant defers all questions of law to the court. To the extent a further response is required, denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 15 of the complaint.

16. Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 16 of the complaint.

17. Denies knowledge of information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 17 of the complaint.

## COUNT I

18. In response to paragraph 18 of the complaint, defendant repeats and realleges each and every response to the allegations contained in paragraphs 1 through 17 as if set forth herein at length.

19. Denies each and every allegation contained in paragraph 19 of the complaint.

20. Denies each and every allegation contained in paragraph 20 of the complaint.

21. Denies each and every allegation contained in paragraph 21 of the complaint.

## GENERAL PROVISION

22. Any and all allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

23. Plaintiff has failed to state a cause of action against JC.

## SECOND AFFIRMATIVE DEFENSE

24. The property that is the subject matter of plaintiff's complaint was accepted by JC in accordance with, and subject to all the terms and conditions of all applicable contracts of carriage, contracts for storage, contracts for handling/rigging, agreements, waybills, invoices,

bills of lading, any applicable tariffs and classifications, and the rules set forth therein. JC duly performed the terms and conditions on its part to be performed. JC claims the benefit of all defenses accorded it by those contracts of carriage, contracts for storage, contracts for handling/rigging, agreements, waybills, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein and any other applicable contracts under which the cargo was transported, stored and/or handled.

### THIRD AFFIRMATIVE DEFENSE

25. The liability of JC, if any, is limited by the terms and conditions of any applicable contracts of carriage, contracts for storage, contracts for handling/rigging, agreements, waybills, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein, statutes and/or regulation.

### FOURTH AFFIRMATIVE DEFENSE

26. The loss and/or damage to the cargo was caused by the intervening acts of plaintiff and/or third person(s) which could not be prevented by JC through the exercise of reasonable care.

### FIFTH AFFIRMATIVE DEFENSE

27. To the extent that plaintiff seeks recovery for special damages, JC is not responsible.

### SIXTH AFFIRMATIVE DEFENSE

28. In the event that the plaintiff had not or has not any title or interest in the property that is the subject of this action, then the plaintiff is not the real party of interest herein and is not entitled to maintain this suit.

### SEVENTH AFFIRMATIVE DEFENSE

29. Venue of this matter in this Court is improper.

### EIGHTH AFFIRMATIVE DEFENSE

30. Upon information and belief, plaintiff has failed to mitigate damages.

### NINTH AFFIRMATIVE DEFENSE

31. The loss at issue was caused by an act or default of the shipper or its agent.

### TENTH AFFIRMATIVE DEFENSE

32. The damages alleged in the Complaint and/or third party complaint were caused by a pre-existing condition and/or other causes or conditions beyond the control of JC and for which causes or conditions JC has no liability.

### ELEVENTH AFFIRMATIVE DEFENSE

33. The forum is inconvenient and the Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

### TWELFTH AFFIRMATIVE DEFENSE

34. JC hereby reserves all of its rights to amend this answer and/or supplement its Affirmative Defenses in accordance with any additional information developed during the course of discovery.

WHEREFORE, defendant J.C. Duggan, Inc. demands judgment dismissing the complaint, together with costs, disbursements and such other and further relief as this Court deems just and proper.

Dated: June 30, 2008
      New York, New York

                           SCHINDEL, FARMAN, LIPSIUS
                             GARDNER & RABINOVICH, LLP
                           Attorneys for Defendant

                    By: _____
                            Jean M. Gardner (JG5544)
                            Marc I. Kunkin (MK4182)
                      14 Penn Plaza, Suite 500
                      New York, NY  10122
                      (212) 563-1710
                      File No.: 2772.0049

TO:    David T. Maloof
        Thomas M. Eagan
        Maloof Browne & Eagan LLC
        411 Theodore Fremd Avenue, Suite 190
        Rye, New York 10580

AFFIDAVIT OF SERVICE

STATE OF NEW YORK           )
                            ) ss.:
COUNTY OF NEW YORK          )

I, Latoya Peterson, being duly sworn, states as follows: I am over 18 years of age, not a party to the within action, and reside at 14 Penn Plaza, Suite 500, New York, New York 10122. On June 30, 2008, I served the within Answer upon the person(s) or parties designated below by mailing a true and complete copy of same in a postage pre-paid envelope, and depositing same in a post office or official depository of the United States Postal Service within New York State, at the last known address of the addressee(s) as set forth herein.

TO:
  David T. Maloof
  Thomas M. Eagan
  Maloof Browne & Eagan LLC
  411 Theodore Fremd Avenue, Suite 190
  Rye, New York 10580

_____
Latoya Peterson

Sworn to before me this
30th day of June, 2008

_____
Notary Public

LORIENTON N.A. PALMER
Notary Public, State of New York
No. 02PA4983745
Qualified in Nassau County
Commission Expires July 8, 2011